[Civil No. 1875. Filed March 10, 1922.]

[204 Pac. 1023.]

E. B. PERRIN, Appellant, v. WILLIAM M. HUGHES and KENNETH M. HUGHES, Appellees.

JUDGMENT—No RECOVERY IN EXCESS OF PRAYER.—Where cross-complaint was drawn upon theory that plaintiff was liable for only one-half of the expenses of caring for cattle, and evidence was introduced upon that theory, a judgment for defendants for the total amount of such expenses was erroneous, even though under proper pleadings they might have been entitled to such a judgment.

APPEAL from a judgment of the Superior Court of the County of Coconino. J. E. Jones, Judge. Judgment reversed and cause remanded.

## STATEMENT OF FACTS.

The appellant, as plaintiff, sued the appellees, as defendants, for damages for breach of contract. The complaint sets forth that plaintiff, in the month of December, 1917, turned over to defendants, in Yavapai county, 942 cows, 261 calves, and 23 bulls, and that in January, 1918, the defendants agreed to look after, feed, pasture, and care for all said cattle in a good stockmanlike manner, at their own proper expenses, until about November 1, 1918, for one-half of the increase from the time defendants took possession until termination of lease, and at the end thereof to return to plaintiff an equal number in kind as received and one-half of the increase, after making the original stock whole. · It is then alleged the defendants did not properly care for cattle, but neglected them so that a large part of them died and over 400 head of cows and 100 head of calves were never returned to plaintiff or made good to him. That on or about November 1, 1918, defendants refused further to run and care for said cattle, and wholly quit and abandoned them, and that plaintiff thereupon took possession of what was left. His damages are placed at $34,000 for cattle lost by death and otherwise through the alleged negligence of defendants.

The defendants in their answer denied that they had accepted said cattle under a lease contract and for one-half of the increase, and allege affirmatively that they took possession of said cattle under an agreement from plaintiff to sell them an undivided one-half thereof upon a valuation of not to exceed $45 per head for dry cows and bulls and not to exceed $65 for cows with calves. They admit that about 175

cattle died, but allege it was due to pink eye, a disease
contracted by the cattle on account of their bad con-
dition before defendants received them, and not to
any neglect upon their part. They deny the charge
of abandonment and allege plaintiff forcibly took the
cattle from them.

The defendants cross-complained for damages and,
in addition to the above facts of the answer, alleged
that plaintiff at the time of making the contract to sell
defendants an undivided one-half interest in the
cattle agreed to forthwith execute to them a good
and sufficient bill of sale thereof, and to accept from
defendants in payment thereof their promissory notes
secured by mortgage on cattle, payable one-third at
the end of three years, one-third at the end of the
fourth year, and one-third at the end of the fifth year.
That plaintiff refused to execute and deliver to de-
fendants a bill of sale, although defendants offered to
carry out agreement on their part. That possession
was taken under such agreement. That cattle were
taken to a range held by plaintiff under permit from
the Forestry Service of the United States to graze
sheep, which said range was then being pastured by
sheep leased by plaintiff to defendants. That sheep
were removed by defendants to other range, at an ex-
pense of $4,000, to place thereon said cattle. It is
then alleged defendants expended in the care of cattle,
and in preparation for their care, the sum of $6,023.51,
not including the $4,000 necessary expenses in moving
sheep as above stated, the items of expenditure being
as follows: (Here is set forth an itemized statement
for "corrals, barns, feed, sheds, etc., building and re-
pairing corrals" amounting to $6,023.51.) It is al-
leged that when plaintiff wrongfully and forcibly took
the cattle from defendants in November, 1918, by rea-
son of the care defendants had given them, the cows
had appreciated in value $30 per head and calves $20

per head, and that there had been an increase of 150 calves at the value of $20 per head; "that defendants' undivided half interest in said increase amounted to $16,090, from which should be deducted one-half of the expenditures above set forth, leaving a net increase of the value of defendants' half interest of $13,078.25 in which defendants have suffered damages in addition to their said expenditures." Plaintiff's answer to cross-complaint denied all of its allegations. After hearing the evidence and the court's instructions, the jury found the issues in favor of defendants and assessed their damages at $5,920.51, for which judgment was entered. The plaintiff appeals from the order overruling his motion for a new trial and from the judgment assigning 23 errors.

Mr. Robert E. Morrison, Mr. X. N. Steeves, and Mr. Emmet T. Morrison, for Appellant.

Mr. E. S. Clark and Mr. C. B. Wilson, for Appellees.

ROSS, C. J. (After Stating the Facts as Above.)— The appellees offered no evidence in support of the allegations of damages contained in their cross-complaint except those enumerated in the itemized statement. No evidence was introduced in support of the allegation that the cows had appreciated in value $30 per head and calves $20 per head, or that the 150 calves of increase were of the value of $20 per head. These items of damage alleged were abandoned, as also was the item of $4,000 for removing sheep from range. The sums in the itemized statement aggregated $6,023.51. It was admitted that an item of $18 should be deducted from this total, as also an item of $85 for hides sold by defendants. Deducting these two items, the difference is the exact amount of the verdict and judgment, $5,920.51. The court instructed

the jury that if they found from the evidence the defendants had proved the contract as alleged in their cross-complaint, and that the plaintiff retook the cattle from defendants on November 1, 1918, and withheld them, such act would render "plaintiff liable in damages to defendants for such sum as you may consider will reasonably and fairly compensate the defendants for any service you may find them to have rendered and for any expenditures you may find them to have made in connection with the handling and running of said cattle, not exceeding, however, the sum of $6,005.51, and from any allowance of damages to defendants there should be deducted the sum of $85 for certain hides from these cattle of which defendants received the proceeds." The giving of this instruction is complained of as error, because it is said the evidence does not support it. It is the contention of appellant that the appellees' cross-complaint was drawn upon the theory that the appellant was liable for only one-half of the expenses of running and caring for cattle during the time the appellees had possession of them, and that the evidence was introduced upon that theory. An inspection of the allegations of damages in the cross-complaint verifies this contention. The appellees therein charged themselves with one-half of the expenditures itemized as $6,023.51. Whether the appellees, under proper pleadings, would have been entitled to the total of their expenditures or not is not the question. They have not claimed all of the expenditures in caring for cattle during the time they held them, but in direct language, and presumably upon the theory that the plaintiff and defendants were alike the owners of an equal undivided interest in the cattle, charged the appellant with one-half of the overhead charges, and themselves with the other one-half. The appellees then, at most, were entitled to a verdict for one-half of $6,023.51, less the items above

named, or $2,960.25.   The verdict and judgment is therefore clearly excessive.

It is not necessary for us to consider whether the other assignments are well taken or not.   If other errors were committed, we will assume that they will not to be repeated in a retrial.

Judgment is reversed and cause remanded, with directions that appellant be granted a new trial.

McALISTER and FLANIGAN, JJ., concur.